"O"

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re NATIONAL FOUNDATION FOR HOUSING<br><br>DONALD E. HOLLINGSHEAD; PROLAND MANAGEMENT CO., LLC; SHELTER MANAGEMENT CO.; RONALD GREGG; GREGG MANAGEMENT CO.,<br><br>　　　　Defendants/Appellants,<br><br>　vs.<br>RANBIR S. SAHNI,<br><br>　　　　Plaintiff/Appellee. | CASE NO. CV 10-1527-JST<br>BK No: M108-0012 SB<br>Adversary No: 2:09-02109 SB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO APPEAL AND REVERSING THE BANKRUPTCY COURT** |

Defendants/Appellants Donald Hollingshead, Proland Management Co., Shelter Management Company, Ronald Gregg, and Gregg Management Co. (collectively "Defendants") timely filed this interlocutory appeal of the Central District of California Bankruptcy Court's denial of their Motion to Dismiss for Lack of Subject Matter Jurisdiction. Having reviewed the briefs, heard oral argument, and taken the matter under submission, the Court (1) GRANTS Defendants' Motion for Leave to Appeal and (2) REVERSES the Bankruptcy Court's order for the reasons stated herein.

### I. Standard of Review

The Court reviews de novo the Bankruptcy Court's conclusions of law, and reviews for clear error the Bankruptcy Court's findings of fact. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.* (*In re Int'l Fibercom, Inc.*), 503 F.3d 933, 940 (9th Cir. 2007); *Stone v. 350 Encinitas Invs.* (*In re 350 Encinitas Invs., LLC*), No. 06cv2085, 2007 WL 2669546, at *5 (S.D. Cal. Sept. 6, 2007). "Questions of subject matter jurisdiction are reviewed de novo." *Montana v. Goldin* (*In re Pegasus Gold Corp.*), 394 F.3d 1189, 1193 (9th Cir. 2005).

### II. Jurisdiction

The Court has jurisdiction to consider interlocutory appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. Proc. 8001(b). Whether the Court has jurisdiction to hear this appeal is in dispute; therefore, it will be discussed further below.

### III. Factual and Procedural History

On January 9, 2002, National Foundation for Housing, Inc. ("NFH"), filed a Voluntary Petition under Chapter 11 in the U.S. Bankruptcy Court, District of Arizona,

Phoenix Division. (Compl. ¶ 1.) On January 30, 2007, the Bankruptcy Court entered an Order Approving Settlement Agreement Concerning Miscellaneous Partnership Interests and Adversary Judgments, which has become final and is registered in the Central District of California. (*Id.* ¶ 3.) The Bankruptcy Court filed an Order for Entry of Final Decree on September 10, 2008, determining that "the Trustee's Plan of Reorganization ("Plan") dated July 31, 2007 has been substantially consummated, that this estate has been fully administered and that this case is in a position to be closed . . . ." (Defs.' Excerpts of Record, Ex. 3, Defs.' Request for Judicial Notice, Ex. 1, Order of Entry of Final Decree, Sept. 10, 2008.)[1]  The Settlement Agreement specifically stated, "[t]his Agreement is limited to the Estate's interest in the Properties and Partnership Interests, if any, and is without representation or warranty of any kind, including as to ownership of the Partnership Interests or Properties." (Compl., Ex. A, "Order Approving Settlement Agreement," at Ex. A, Art. II, ¶ 11.) The Trustee assigned NFH's limited partnership interests in two California limited partnerships (Holiday 101 B and West Holiday 102, collectively "the Partnerships") to Plaintiff/Appellee Ranbir S. Sahni ("Sahni"). (*Id.*, Ex. B at 1; *id.*, Ex. C at 1.) In both assignments, Sahni "accept[ed], adopt[ed], and agree[d] to be bound by terms, provisions and conditions of the Partnership Agreement." (*Id.*, Ex. B at 1; *id.*, Ex. C at 1.) Although the assignments included "Acknowledgement of Assignment and Assumption of Limited Partnership Interests" for the General Partners of the Partnerships to sign, neither the General Partners nor the Partnerships were parties to the assignments. (*Id.*, Ex. B at 2-3; *id.*, Ex. C at 2-3.)

The Partnerships own and hold title to low income housing apartment buildings. (*Id.* ¶ 6.) The General Partner in both of the Partnerships is Defendant Donald E.

---

[1] The Bankruptcy Court did not rule on Defendants' Request for Judicial Notice in its Order denying Defendants' Motion to Dismiss. Because the Court concludes that under Federal Rule of Evidence 201, the Bankruptcy Court would be required to take judicial notice of the Arizona Bankruptcy Court's Order for Entry of Final Decree (Sept. 10, 2008), the Court will also consider this evidence. *See Cal. ex rel. RoNo, LLC v. Altus Fin. S.A.*, 344 F.3d 920, 931 (9th Cir. 2003).

1  Hollingshead. (*Id.*) Hollingshead also controls Defendant Shelter Management
2  Corporation. (*Id.*) Defendant Proland Management Co., LLC, is the management agent of
3  the Partnerships, and is jointly owned by Hollingshead Management and Defendant Gregg
4  Management. (*Id.*) Defendant Gregg Management is owned and controlled by Defendant
5  Ronald Gregg. (*Id.* ¶ 7.) Defendant Gregg also acted as Sahni's attorney for a number of
6  investment and real estate ventures. (*Id.*)
7        Sahni notified Defendant Hollingshead of the Trustee's assignment to Sahni of
8  NFH's interests, and Sahni attempted to be recognized as a substituted limited partner with
9  full voting and other rights, including the right of access, inspection of books and records,
10 and receipt of all distributions due irrespective of the date of accrual of said distributions.
11 (*Id.* ¶ 9.) The Partnerships' 2007 K-1s were amended to show Sahni to be a limited
12 partner. (*Id.*)
13       On May 16, 2008, four and a half months after the effective date of the assignments,
14 Defendants Hollingshead, Proland, and Shelter offered to settle a lawsuit brought by the
15 Partnerships in November 2005, which alleged that Hollingshead, Proland, and Shelter had
16 engaged in various misdeeds and malfeasance. (*Id.* ¶¶ 11, 12.) The proposed settlement
17 offered to buy out the limited partners based upon the value of their interests in the
18 Partnerships. (*Id.* ¶ 12.) Under Article XV of the Certificate of Limited Partnership for
19 West Holiday 102, a selling limited partner must first offer his interest to the other limited
20 partners before he can sell to a third party, including the General Partner. (*Id.* ¶ 13.) On
21 June 1, 2009, Defendants sent Sahni a letter refuting his status as a limited partner and
22 denying him all limited partner rights. (*Id.* ¶ 14.) Sahni alleges that his status as a limited
23 partner was refuted because Defendants Hollingshead, Proland, and Shelter feared that he
24 would acquire the other limited partners' interests under Article XV, and then interfere
25 with the proposed settlement. (*Id.* ¶ 13.)
26       Sahni proceeded to file an Adversary Proceeding in U.S. Bankruptcy Court, in the
27 Central District of California, on September 22, 2009. (*Id.* at 1.) Sahni alleged six causes
28 of action against all Defendants: (1) declaratory relief as to his rights as a limited partner;

(2) a temporary, preliminary, and final injunction mandating recognition of Sahni's status as a limited partner; (3) contempt; (4) an accounting by all Defendants of the business activities of the partnership; (5) imposition of a constructive trust; and (6) breach of fiduciary duty. (*Id.* ¶¶ 16-32.)

Defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the Complaint alleged state law claims that were unrelated to the Bankruptcy Code. (Defs.' Opening Br. at 4.) The Bankruptcy Court denied the motion following a hearing. (Defs.' Excerpts of Record, Ex. 8, Tr. of Hr'g, Dec. 15, 2009.) The parties disagreed about the language of the Order denying the motion to dismiss, and the Bankruptcy Court signed the Defendants' proposed order on January 29, 2010. (*Id.*, Ex. 13, Order Denying Motion to Dismiss, Jan. 29, 2010.) The Order stated that the Bankruptcy Court found that it had "arising in" jurisdiction. (*Id.*) Without explanation, on February 10, 2010, the Bankruptcy Court signed Sahni's proposed order, which stated there was "arising in," "related to," and "registration" jurisdiction. (*Id.*, Ex. 17, Order Denying Motion to Dismiss, Feb. 10, 2010.) The Bankruptcy Court failed to address Defendants' objections to the February Order, or to explain why it signed two orders that gave different reasons as to why the Court found that it had subject matter jurisdiction over the action.

On February 12, 2010, Defendants filed both a Motion to Transfer to the Bankruptcy Court for the District of Arizona and a Motion for Leave to Appeal, along with Notice of Appeal to District Court. (*See* CM/ECF for Bankr. Case. No. 09-ap-2190, Docs. 26-33.) The Bankruptcy Court docket reflects the filing of a Notice of Referral of Appeal to U.S. District Court with certificate of mailing on February 26, 2010. (*Id.*, Doc. 34.) Also on February 26, 2010, Sahni filed an opposition to Defendants' Motion to Transfer Venue, but failed to oppose Defendants' Motion for Leave to Appeal. On March 3, 2010, Defendants filed a Notice Regarding Appeal from Bankruptcy Court, which stated that the case would be heard in front of Judge James V. Selna. (*Id.*, Doc. 41.) On March 19, 2010, Defendants filed a Notice of Non-Opposition to Defendants' Motion for Leave to Appeal. (*Id.*, Doc. 43.) The Notice was filed with the District Court on March 22, 2010. (Doc. 11.)

On March 9, 2010, the Bankruptcy Court held a hearing on the motion to change venue. The Bankruptcy Court granted the motion and signed the Order transferring the case to the Arizona Bankruptcy Court on April 22, 2010. The District Court received the Certificate of Readiness and Completion of the Record on May 21, 2010. (Doc. 12.) Both parties filed appeals briefs before the Court. (Docs. 13, 14, 18, 21.)

**IV. Analysis**

**A. The District Court has Appellate Jurisdiction in this Case**

As a preliminary matter, Sahni notes in his opposition brief that Defendants' Motion for Leave to Appeal has yet to be addressed by any court.[2] (Pl.'s Opp. Br. at 1.) "Because an order denying a motion to dismiss is an interlocutory order, there is no direct right of appeal." *Betta Prods., Inc. v. Distributions Sys. & Servs., Inc.* (*In re Betta Prods.*), No. C 07-4825, 2007 WL 3023044, at *1 (N.D. Cal. Oct. 15, 2007); *see Leisure Dev. Inv. v. Burke* (*In re Burke*), 95 B.R. 716, 717 (B.A.P. 9th Cir. 1989). Therefore, Defendants were required to ask for leave to appeal the denial of their motion to dismiss. *See* 28 U.S.C. § 158(a)(3).

---

[2] Sahni appears to suggest that he failed to oppose Defendants' Motion for Leave to Appeal because "during this transition time, the case was not assigned to this Court and as such there was no place to file opposition pleadings to the Motion for Leave to Appeal." (Pl.'s Opp. Br. at 1.) Sahni, however, managed to file his opposition brief to Defendants' Motion to Transfer in the Bankruptcy Court, and Sahni's Opposition to Defendants' Motion to Appeal was due on the same day. Moreover, under Federal Rule of Bankruptcy Procedure 8003(b), the clerk in Bankruptcy Court is required to "transmit the notice of appeal, the motion for leave to appeal and any answer thereto to the clerk of the district court . . . as soon as all parties have filed answers or the time for filing an answer has expired." Fed. R. Bankr. P. 8003(b). Finally, Local Rule 8003-3.2 states "[w]ithin ten days after service of a motion for leave, a responding party shall file with the clerk of the Bankruptcy Court an opposition to the motion or a notice of 'non-opposition.'" C.D. Cal. R. 8003-3.2. Therefore, although the Court may deem Sahni's failure to respond to the Motion as consent to its granting, s*ee* C.D. Cal. R. 7-12, the Court also reviews the merits of Sahni's Motion for Leave to Appeal.

Under 28 U.S.C. § 158(a)(3), "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . with leave from the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings . . . ." On the basis of the Federal Rules of Bankruptcy Procedure, and the Local Rules governing bankruptcy appeals, when a party moves for leave to appeal, the party files the motion for leave to appeal with the Bankruptcy Court. C.D. Cal. R. 8003-3.1. The appeal is then referred to the Bankruptcy Appellate Panel, unless the party elects that it be transferred to the district court. C.D. Cal. R. 8001-2.1.1; *id.* 8001-2.1.2.1; *id.* 8001-2.2. If the party mistakenly files only the appeal, a timely notice of appeal "shall be deemed a timely motion for leave to appeal." C.D. Cal. R. 8003-3.4. "The district court may grant or deny leave to appeal or may direct the appellant to file a proper motion for leave to appeal." *Id.* Therefore, the fact that the Bankruptcy Court did not rule on Defendants' Motion for Leave to Appeal is not dispositive of the Court's jurisdiction to grant or deny the motion.

Moreover, the fact that the Bankruptcy Court entered an order transferring the case to Arizona Bankruptcy Court prior to the Court's hearing on the appeal does not affect this Court's appellate jurisdiction. *Donald v. Curry (In re Donald)*, 328 B.R. 192, 197 (B.A.P. 9th Cir. 2005). "[A]ppellate jurisdiction ordinarily terminates when the transfer motion is granted and the papers are entered in the transferee court's docket." *Id.* However, if "a timely notice of appeal [is] filed before the transferee court dockets the matter," an appellate court's jurisdiction "is not terminated upon completion of the transfer." *Id.*

Here, the Court obtained jurisdiction over the appeal as of February 12, 2010, by virtue of the filing of Defendants' timely notice of appeal. The Order granting the transfer did not take place until April 22, 2010. Because the Court's appellate jurisdiction was obtained prior to the transfer (and logically, prior to when the transferee court docketed the matter), the Court is able to rule on the matter. "It makes no difference that a motion for leave to appeal was not . . . granted until later." *Id.* at 198. Therefore, this Court has jurisdiction to consider Defendants' Motion for Leave to Appeal.

### B. The Interlocutory Order Meets the Standard for Appellate Review

"Although 28 U.S.C. 1292(b) governs the circumstances under which district courts can allow review of interlocutory orders by courts of appeals, the Ninth Circuit has adopted it as the standard for appealing Bankruptcy Court orders to district courts." *In re Betta Prods.*, 2007 WL 3023044 at * 1; *see also In re Burke*, 95 B.R. at 717. Review of an interlocutory order is permissible:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . .

28 U.S.C. § 1292(b).

First, Defendants' appeal of the Bankruptcy Court's conclusion that it has subject matter jurisdiction is a controlling issue of law. If Defendants prevail on the issue, the case will be terminated. Accordingly, Defendants' proposed appeal concerns a controlling issue of law. *See In re Betta Prods.*, 2007 WL 3023044 at *2.

Second, there is substantial ground for difference of opinion with the Bankruptcy Court's ruling. Defendants identify a number of court of appeals decisions that do not find that a Bankruptcy Court has post-confirmation subject matter jurisdiction over disputes between a party who received property rights as part of a closed bankruptcy, and third party defendants who were not a part of the prior bankruptcy process. *See, e.g.*, *Sea Hawk Seafoods v. Alaska (In re Valdez Fisheries Dev. Ass'n, Inc.)*, 439 F.3d 545, 548 (9th Cir. 2006); *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994); *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 789 (11th Cir. 1990); *In re Hall's*

8

*Motor Transit Co.*, 889 F.2d 520, 522 (3d Cir. 1989); *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). Therefore, the Court GRANTS Defendants' Motion for Leave to Appeal.

### C. The Bankruptcy Court Does Not Have Subject Matter Jurisdiction Over the Adversary Complaint

As noted by Defendants, the Bankruptcy Court signed two orders denying Defendants' Motion to Dismiss. The two orders set forth different grounds for concluding that the Bankruptcy Court had subject matter jurisdiction over the case and, from the record, it does not appear that the Bankruptcy Court ever resolved which order was controlling. The most recent order, filed February 10, 2010, states that the Bankruptcy Court determined there was "arising in," "related to," and "registration" jurisdiction. The Court will assume this is the interlocutory order from which the appeal is taken.

#### 1. There Is No "Arising In" Jurisdiction

"Proceedings 'arising in' bankruptcy cases are generally referred to as 'core' proceedings, and essentially are proceedings that would not exist outside of bankruptcy, such as 'matters concerning the administration of the estate,' 'orders to turn over property of the estate,' and 'proceedings to determine, avoid, or recover preferences.'" *In re Pegasus Gold Corp.*, 394 F.3d at 1193 (quoting 28 U.S.C. § 157(b)(2)); *see also Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995) ("In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96-97 (5th Cir. 1987))).

Here, Sahni alleged in his Adversary Complaint that Defendants refused to recognize the rights Sahni purchased from the now-closed bankruptcy estate. Sahni

1  appears to have crafted his Complaint to plead as if Defendants defied the Order
2  Approving Settlement Agreement, filed by the Arizona Bankruptcy Court, despite the fact
3  that Defendants were not parties to the Arizona bankruptcy proceeding.
4        The fact that a claim has a distant bankruptcy origin does not confer core
5  jurisdiction. *See Zerand-Bernal Grp.*, 23 F.3d at 162. "Bankruptcy is a system of
6  entitlements (of both debtors and creditors) created by federal law, but a dispute over the
7  meaning or validity of an agreement between the purchaser at a bankruptcy sale and some
8  third party likewise arises under state rather than federal law." *Id.* This is particularly true
9  when the bankruptcy is over and done with. As explained by the Seventh Circuit,
10  "[o]therwise anyone who could trace his title to a bankrupt could invoke federal
11  jurisdiction to settled disputes affecting that property." *Id.* (quoting *Elscint, Inc. v. First
12  Wis. Fin. Corp. (In re Xonics)*, 813 F.2d 127, 131 (7th Cir. 1987)). Therefore, the Court
13  concludes that there is no "arising in" jurisdiction.[3]

### 2. There Is No "Related To" Jurisdiction

17  "Related to" jurisdiction exists when "the outcome of the proceeding could
18  conceivably have an effect on the estate being administered in bankruptcy." *Fietz v. Great
19  W. Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*,

---

[3] Sahni's argument that Article 14 of the "Trustee's Plan of Reorganization for the Bankruptcy Estate of National Foundation for Housing, Inc., Dated July 31, 2007" specifically retained jurisdiction to deal with the issues in this case is without merit. As noted earlier, the Bankruptcy Court filed an Order for Entry of Final Decree on September 10, 2008, determining that "the Trustee's Plan of Reorganization ("Plan") dated July 31, 2007 has been substantially consummated, that this estate has been fully administered and that this case is in a position to be closed . . . ." (Defs.' Excerpts of Record, Ex. 3, Defs.' Request for Judicial Notice, Ex. 1, Order of Entry of Final Decree, Sept. 10, 2008.) In addition, Sahni has provided no legal support for his argument that as an Assignee Judgment Creditor, he "stands in the shoes of the Chapter 11 trustee and succeeded to all rights and interest held by the Trustee" and thus has standing to bring the Adversary Complaint. More importantly, the issue before the Court is not Sahni's standing to bring the Complaint, but the Bankruptcy Court's jurisdiction to hear the case.

743 F.2d 984, 994 (3d Cir. 1984)) (adopting the Third Circuit's "*Pacor* formulation"). When a Bankruptcy Court has already confirmed the bankruptcy plan, however, "the *Pacor* formulation may be somewhat overbroad." *In re Pegasus Gold Corp.*, 394 F.3d at 1194. Therefore, when examining whether there is post-confirmation "related to" jurisdiction, the Court applies the Third Circuit's "close nexus test," i.e., "whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold Bankruptcy Court jurisdiction over the matter." *Id.* (quoting *Binder v. Price Waterhouse & Co.* (*In re Resorts Int'l, Inc.*), 372 F.3d 154, 166-67 (3d Cir. 2004)).

The Ninth Circuit has found that there is a close nexus providing "related to" jurisdiction when resolution of the claims (1) will likely require interpretation of the settlement agreement and the bankruptcy plan, and (2) could affect the implementation and execution of the Plan itself. *Id.* The Ninth Circuit has explicitly rejected the argument that there is a close nexus when the proceeding could conceivably increase the recovery to creditors. *Id.* at 1194 n.1. "As the other circuits have noted, such a rationale could endlessly stretch a Bankruptcy Court's jurisdiction." *Id.* The Ninth Circuit has also determined that there is no "related to" jurisdiction when the dispute will have no effect on a closed bankruptcy estate or when the Bankruptcy Court has no role in the resolution of the dispute. *In re Valdez*, 439 F.3d at 548.

The Court concludes that *In re Valdez* is controlling in this case. Like the Adversary Proceeding in this case, the proceeding in *In re Valdez* was initiated subsequent to the dismissal of the bankruptcy case. *See id.* In addition, in both cases the initial Bankruptcy Court could play no role in the resolution of the dispute. *See id.* Finally, like the Bankruptcy Court in *In re Valdez*, the Bankruptcy Court is only involved in this case because the dispute implicates the terms of a settlement agreement approved by the Bankruptcy Court prior to the dismissal of the debtor's bankruptcy. The bankruptcy plan,

however, has been fully implemented with respect to the debtor.  *See id.*  Therefore, there is no "related to" jurisdiction.[4]

### 3.     There Is No "Registration" Jurisdiction

Under 28 U.S.C. § 1963, a party may register judgments for recovery of money or property that have been entered in another district.  28 U.S.C. § 1963.  "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."  *Id.*  "The purpose of this statute is 'to simplify and facilitate collection on valid judgments.'"  *Findley v. Blinken* (*In re Joint E. & S. Dists. Asbestos Litig.*), 22 F.3d 755, 763 (7th Cir. 1994) (quoting *Coleman v. Patterson*, 57 F.R.D. 146, 149 (S.D.N.Y. 1972)).

Sahni argues that, because he has registered the Arizona Bankruptcy Court's Order, the Central District of California Bankruptcy Court has federal jurisdiction to enforce the Order against the Defendants.  There are at least two problems with this argument: (1) Defendants are not parties to the Order; therefore, there is nothing to "enforce" against them; and (2) Sahni is attempting to do more than just "enforce" the Bankruptcy Court's order against Defendants.  In order for the Bankruptcy Court to grant Sahni the relief he seeks, the Bankruptcy Court would be required to review the details of the Partnerships' agreements and interpret them using California state law.  In other words, Sahni actually is asking the Bankruptcy Court to engage in the type of legal interpretation it usually performs in cases over which the Bankruptcy Court has supplemental "related to"

---

[4] Sahni's argument that there is supplemental jurisdiction undermines his argument that there is subject matter jurisdiction in this case.  (*See* Pl.'s Opp. Br. at 7.)  As properly stated in Sahni's brief, supplemental jurisdiction extends over state law claims.  (*Id.*)  The state law claims may only be brought into federal court if there is something to which they are supplemental.  Sahni, however, sets forth no independent basis for federal jurisdiction over what are essentially state law tort claims.

12

jurisdiction. Without the core issue to which the state law claims can relate, Sahni lacks a federal jurisdictional "hook." Therefore, there is no "registration" jurisdiction.

In sum, Sahni has failed to set forth any basis for which the Bankruptcy Court could find that it had subject matter jurisdiction over this action.

**V. Conclusion**

For the foregoing reasons, the Court GRANTS the Motion for Leave to Appeal. The Court REVERSES the Bankruptcy Court and REMANDS the case with instructions to dismiss for lack of subject matter jurisdiction.

DATED: January 27, 2011      _____JOSEPHINE STATON TUCKER_____

UNITED STATES DISTRICT JUDGE

13